# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD B. THORNTON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>TANYA WALTON PRATT, et al., )<br>)<br>Defendants. ) | 4:13-cv-008-TWP-TAB |

## Entry Discussing Selected Matters

### I.

#### A.

Mr. Thornton's request to proceed *in forma pauperis* was granted in Dkt. #3.

In an action filed *in forma pauperis,* the court may raise on its own volition the issue of whether an action is malicious or frivolous under § 1915(e), and may test the complaint even before service of process. 28 U.S.C. § 1915(e)(2) grants the court the authority to dismiss the case at any time if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992).

#### B.

The undersigned is among the defendants in this lawsuit. The claim against the undersigned is based on judicial rulings issued in No. 1:12-cv-01092-TWP-DKL.

As an initial matter, the Court must address the issue of whether the action should be assigned to a different Article III judge since the undersigned is a named defendant. The court concludes that reassignment is not required here. Judges need not indulge a pattern of automatically disqualifying themselves every time their name appears in a case caption or a complaint. In *Jones v. City of Buffalo,* 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994), Judge Skretny made this point: "[T]his tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit. . . . [28 U.S.C. § 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this." *Id. See also Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) ("'A judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed.")(quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), and *rev'd on merits*, *Hoover v. Ronwin,* 466 U.S. 558 (1984)). This reasoning applies in this case. Thus, there is no need for my disqualification.

As to the claim against the undersigned, it is frivolous because the undersigned is immune from actions (judicial rulings) taken in the course of No. [1:12-cv-01092-TWP-DKL](1:12-cv-01092-TWP-DKL). *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of

damages."). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Id.* at 11-12. Neither of those circumstances are present with respect to the rulings in No. 1:12-cv-01092-TWP-DKL.

Because the claim against the undersigned fails to state a claim on which relief may be granted and or seeks monetary relief against a defendant who is immune from such relief, the claim against the trial judge must be dismissed.

### C.

No partial final judgment shall issue at this time as to the claim dismissed in Part I.A. of this Entry.

### II.

On the issue of jurisdiction and venue, the venue statute, 28 U.S.C. § 1391(b) provides the following:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The plaintiff shall have **through February 11, 2013,** in which to identify the circumstances which establish that the Southern District of Indiana is the

proper venue for this lawsuit or why, if venue in the Southern District of Indiana is not proper, the action should not be transferred pursuant to 28 U.S.C. ' 1404 to the district where venue is proper.

**IT IS SO ORDERED.**

Date: 01/23/2013 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard B. Thornton
P. O. Box 144
Mauchport, IN 47142