UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RICHARD B. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-008-TWP-TAB |
| ) | |
| JOHN G. HEYBURN, II, JUDGES OF WESTERN ) | |
| DISTRICT and JUDICIAL CONDUCT COMMITTEE ) | |
| 6TH CIRCUIT, ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

This matter is before the Court on Plaintiff Richard B. Thornton's Motion for Recusal (Dkt. 5) and a Motion to Vacate and Strike this Court's Entry entered January 31, 2013 (Dkt. 10). In both of these motions, Mr. Thornton asks for recusal of the undersigned.

Under 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify herself if she is a party to the proceeding. In limited circumstances, however, judges have refused to disqualify themselves when a party seeks to add them as a party to a pending proceeding. *See United States v. Walls*, 2006 WL 1284556, at *2 n.2 (E.D.Mich. May 9, 2006). A case which arrives with the judge-defendant in place should be treated no differently. "A judge who is named as a defendant in a plaintiff's amended complaint is not required to disqualify himself or herself under 28 U.S.C. § 455(b)(5)(i) unless there is a legitimate basis for suing the judge." 32 Am. Jur. 2d Federal Courts § 95; *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D.Ill. 1988) (judge refused to disqualify himself under § 455(b)(5)(i) where he was named as a party in second amended complaint after he dismissed original complaint). "For a judge to be disqualified simply because

the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping." 32 Am. Jur. 2d Federal Courts § 95.

The Mr. Thornton complains of the manner in which this Court and others have dealt with his litigation. Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554. Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The Court concludes that there is no legitimate basis for the plaintiff to sue the assigned Article III judge. The plaintiff=s suggestion otherwise is both frivolous and contrived. As the Court concluded previously, there is no need for disqualification of the undersigned. Because of this, the motion to recuse (Dkt. 5) and the Motion to Set Aside (Dkt. 10) are **DENIED.**

**SO ORDERED.**

Date: 04/15/2013

*(signature)*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard B. Thornton
P. O. Box 144
Mauchport, Indiana  47142