## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| RICHARD B. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-cv-008-TWP-TAB |
| | ) |
| JOHN G. HEYBURN, II, JUDGES OF WESTERN | ) |
| DISTRICT and JUDICIAL CONDUCT COMMITTEE | ) |
| 6TH CIRCUIT, | ) |
| | ) |
| Defendants. | ) |

## ENTRY REGARDING SELECTED MATTERS

### I.

Plaintiff Richard B. Thornton seeks reconsideration of various rulings made in this case. "A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006).

### II.

**A.**    **Motion to Set Aside, Vacate Orders (Dkt. 7)**

On January 29, 2013, Mr. Thornton filed a Motion to Set Aside and Vacate this Court's Entry dated January 17, 2013 (Dkt. 7).  Mr. Thornton was granted leave to proceed *in forma pauperis* to the extent that he was permitted to pay the filing fee in two equal installments of $175.00, the first to be paid by February 21, 2013, and the second to be paid by April 2, 2013. Mr. Thornton has not complied with theses directions; the entire filing fee remains due.

Mr. Thornton first suggests that the Court acted beyond its authority in directing that the filing fee be paid in installments.  This is not the case.  The Court is authorized pursuant to 28 U.S.C. § 1915(a) to take into account a litigant's financial circumstances and to fashion an

appropriate order.  That is what occurred here and there was no error in it.  *See, e.g., White ex rel. Diggs v. Barnhart*, 2002 WL 1760980 (M.D.N.C. 2002).

Mr. Thornton next refers to his disability income having been interrupted and says his income is now zero.  That circumstance certainly impacts on his ability to meet a variety of financial obligations.  Accordingly, the Court will vacate the order to make installment payment and will allow Mr. Thornton to proceed without paying a filing fee.  As such, the Motion to set **aside (Dkt. 7) is GRANTED** in that the Court has reconsidered installment payment of the filing fee.

**B.      Motion to Set Aside, Vacate, Quash, Strike From the Record Illegal Entry and Orders (Dkt. 8)**

Mr**.** Thornton has filed a Motion to Set Aside, Vacate and Quash the Entry issued on January 23, 2013 (Dkt. 8).  In Part II of the Court's Entry dated January 23, 2013 (Dkt. 4), Mr. Thornton was given a period of time in which to show cause why the action should not be transferred to the District wherein it appears that proper venue exists.  He has responded with a series of assertions highlighting his connection to Indiana, but has not included any analysis based on the applicable statute, 28 U.S.C. § 1391(b).

Nonetheless, it is the statute to which the Court and parties to a lawsuit must refer in determining whether a specific venue is proper.  The applicable statute was identified in Part II of the Entry issued on January 23, 2013.

The content of the statute has not changed since then. The statute provides:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Mr. Thornton's request that the Court base its venue determination on factors other than the foregoing is **DENIED**.  The Court however, will accord Mr. Thornton additional time, to show how the Southern District of Indiana could be a permissible venue for this action. Therefore, the Motion to Set Aside, Vacate, Quash and Strike from the Record Illegal Entry and Orders (Dkt. 8) is **DENIED** at this time**,** however Mr. Thornton is granted additional time to submit authority.

**C.**     **Judge as Defendant**

Mr. Thornton's filings are permeated with references to the undersigned as a defendant. However, this is no longer the case.  The Court has addressed in a separate ruling Mr. Thornton's request for the recusal of the undersigned.  It does not advance litigation to replace reasoned statements and arguments with unsupported accusations of misconduct.

**I.  CONCLUSION**

Based on the discussion in Part II of this Entry, therefore, the Court **GRANTS in part and DENIES in part** Mr. Thornton's motions (Dkt. 7, and 8), consistent with the following:

1.     The order requiring installment payment of the filing fee is vacated and Plaintiff may proceed *in forma pauperis*;

2.     Mr. Thornton shall have through May 1, 2013, in which to demonstrate how the Southern District of Indiana could be a permissible venue for this action pursuant to 28 U.S.C. § 1391(b).

3.     The motions to vacate and reconsider are in all other respects **DENIED**.

**SO ORDERED.**

Date: _04/15/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard B. Thornton
P. O. Box 144
Mauchport, Indiana  47142